STATE OF VERMONT

2017 FEB 24 A II: 33

**SUPERIOR COURT**
Washington Unit

**CIVIL DIVISION**
Docket No. 382-6-16 Wncv

**MARK YOUNG**
    Plaintiff

    v.

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    Defendant

## DECISION
### Plaintiff's Motion for Summary Judgment

Plaintiff Mark Young, who is an inmate in the custody of the Commissioner of the Department of Corrections currently being held in an out-of-state facility in Baldwin, Michigan, was disciplined for assaulting another inmate, which is a "major" violation. He claims that his conviction is flawed due to a due process violation because he had a right to a hearing assistant and had requested one and was not provided one for his hearing. In opposition to summary judgment, the State argues that the conviction should be affirmed because Mr. Young did not appear at his administrative hearing and otherwise there was sufficient evidence of guilt.

The State expressly stipulated, for purposes of summary judgment, to the facts as portrayed in Mr. Young's filings. Those facts are as follows. Following whatever transpired between Mr. Young and the other inmate, Mr. Young was put in segregation and charged with a disciplinary violation. On the Notice of Hearing form given to him giving notice of his administrative disciplinary hearing on the charge, there was a box to check to request a hearing assistant. The record is clear that he checked that box and expressly asked for a named person as a hearing assistant.

On the day of the hearing, guards came to take him to it. He was still in segregation. He objected that he had never had a chance to speak with a hearing assistant. He was not then given the opportunity to do so. In those circumstances, he did not go to the hearing.

No hearing assistant was present at the hearing.[1] The hearing officer summarily noted Mr. Young's absence and found him guilty. Nothing in the recording of the hearing reflects any consideration about why neither Mr. Young nor his hearing assistant was not there.

In opposition to summary judgment, the State argues that Mr. Young should have gone to the hearing and objected on the record that he had not had any opportunity to meet with a hearing

---

[1] The State asserts that the hearing assistant "refused to attend the hearing." Defendant's Opposition at 2 (filed Dec. 9, 2016). That allegation is without any support. Nothing in the record implies that any hearing assistant ever was assigned to work with Mr. Young, much less that one "refused" to attend the hearing.

assistant, and asked for the opportunity to do so then or requested a continuance to be able to do so later. There is no evidence that anyone ever advised Mr. Young that he should do this and there is nothing to indicate that he should have known it. Moreover, it is not reasonable or fair to shift to him the burden of actively having to pursue a request for a hearing officer when he had already made a clear request, and such a practice is contrary to the administrative rules governing disciplinary proceedings.

"Offenders who cannot adequately present their cases *shall* be entitled to the assistance of a hearing Assistant." Vt. Admin. Code 12-8-13:2(e) (emphasis added) (also cited as VT ADC 13 130 002 and DOC Rule 96-12(2)(e)). That rule is complemented by the DOC's discipline directive #410.01. A hearing assistant is "[a] person who assists an inmate in *preparing* and presenting their case. It does not have to be a staff person, but cannot be an attorney." *Id.*, Definitions, "hearing assistant" (emphasis added). The function of the hearing assistant and related procedure is further described as follows:

> Hearing Assistant Role
> i. An inmate has the right to a hearing assistant to help them prepare their case; however, this cannot be an attorney.
> ii. *The Hearing Officer will ensure* that the accused inmate and hearing assistant have had sufficient time - at least three (3) hours if requested - to confer and review the violation packet *prior to the hearing.*
> iii. Both the hearing assistant and accused will be present in the hearing room unless the inmate *or the hearing assistant refuses to attend.*
> iv. If the conduct of the inmate or hearing assistant is repeatedly disrespectful, unruly or presents a hazard to institutional security or safety of the individuals, the hearing may continue without them.
> v. *A hearing assistant will attend the hearing on the inmate's behalf if the inmate does not attend for any reason.*
> vi. In the case of an SFI-designated inmate, and in the case of any inmate where the Hearing Officer feels they do not have the capacity to fully understand the process, a hearing assistant will be appointed by the Hearing Officer if one is not selected by the inmate.

*Id.*, Procedural Guidelines § (5)(d) (emphasis added).

Mr. Young had a right to a hearing assistant. He unambiguously requested one. The documentation reflected that. The hearing officer was supposed to "ensure" that Mr. Young and the hearing assistant had an opportunity to "prepare" Mr. Young's defense "prior" to the hearing. If Mr. Young declined to attend the hearing, his hearing assistant still was supposed to attend.

There is no evidence that any hearing assistant ever was appointed. Nothing in the record suggests that Mr. Young attempted to manipulate the system or that any security concerns could explain why Mr. Young's right to a hearing assistant was completely ignored. Nothing in the rules required Mr. Young to press his rights on the record during his hearing to avoid an unintentional waiver.

2

## ORDER

For the foregoing reasons, Mr. Young's summary judgment motion is granted. The disciplinary conviction is vacated. The Department may, if it chooses, hold a new hearing that is in compliance with Mr. Young's rights.

Dated at Montpelier, Vermont this 23rd day of February 2017.

Mary Miles Teachout
Superior Judge

3